IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:-10-CV-02181** |
| | § | |
| **HARRIS COUNTY,** | § | |
| *Defendant* | § | |

**DEFENDANT HARRIS COUNTY'S ORIGINAL ANSWER
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Harris County now files its Original Answer to Plaintiff's Third Amended Complaint ("the Complaint") and would respectfully show this Court as follows:

FIRST DEFENSE

1. Plaintiff Jane Doe ("Plaintiff") has failed to state a claim upon which relief can be granted.

SECOND DEFENSE
(Admissions and Denials)

2. The Section entitled "Statement of the Case" is a summary of Plaintiff's allegations only and requires no responsive pleading. To the extent, if any, this section constitutes an averment of facts, it is denied.

3. Harris County admits the allegations in Paragraph 1.

4. Harris County admits the allegations in Paragraph 2.

5. Harris County admits the allegations in Paragraph 3.

6. Harris County admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division.

7. Harris County admits the allegations in Paragraph 5.

8. Harris County admits that it may be served through service on Harris County Judge Ed Emmett, but denies the remaining allegations in Paragraph 6.

9. To the extent, if any, that Plaintiff is referring to the hearing held on her Application for Protective Order, Harris County admits that by that Application, Plaintiff sought sole custody of her daughter, and admits the remaining allegations in Paragraph 7.

10. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

11. Harris County admits that Plaintiff speaks Spanish and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 9. Harris County denies the remaining allegations in Paragraph 9.

12. Harris County denies the allegations in the first sentence of Paragraph 10. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 10, although it admits that it does not provide an interpreter in most civil cases. Harris County denies the remaining allegations in Paragraph 10.

13. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

14. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

15. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except that Harris County admits that Plaintiff filed a police report.

16. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14. The remaining allegtions in paragraph 14 are argument and require no responsive pleading.

17. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

18. The allegations in Paragraph 16 are argument and require no responsive pleading.

19. Harris County admits the allegations in the first two sentences of Paragraph 17, except that Harris County lacks knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff had to pay for the interpreter she used that day. Harris County admits the remaining allegations in Paragraph 17.

20. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

21. Harris County admits that Plaintiff's ex-fiancée filed a petition seeking joint custody and DNA testing, but denies that he filed it after she filed her motion for protective order; Plaintiff's ex-fiancée's petition was actually filed before Plaintiff filed her application for protective order. Harris County admits the remaining allegations in Paragraph 19.

22. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

23. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except that Harris County denies that it has a policy, practice or custom of refusing to provide an interpreter.

24. Harris County denies the allegations in the first and second sentences of Paragraph 22. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

25. Harris County denies the allegations in Paragraph 23.

26. Harris County denies the allegations in the first sentence of Paragraph 24. Harris County admits the remaining allegations in Paragraph 24, except that Harris County denies that it rebuffed Plaintiff.

27. Harris County admits the allegations in Paragraph 25.

28. Harris County admits the allegations in Paragraph 26.

29. Harris County denies the allegations in the first sentence of Paragraph 27. Harris County lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

30. Harris County denies the allegations in Paragraph 28.

31. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

32. Harris County denies the allegations in Paragraph 30.

33. Harris County denies the allegations in Paragraph 31.

34. Harris County denies the allegations in the first sentence of Paragraph 32. The remaining allegations in Paragraph 32 are argument and require no responsive pleading.

35. Harris County denies the allegations in the first sentence of Paragraph 33. The allegations in the second sentence of Paragraph 33 are argument and require no responsive pleading. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

36. Harris County lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

37. Harris County denies the allegations in Paragraph 35.

38. The allegations in Paragraph 36 are argument and require no responsive pleading.

39. Harris County admits that the family district court is the only forum available for retaining custody and child support, but denies that it is "Defendant's family court". Harris County would show that the family court is a court of the State of Texas. Harris County denies that the allegations in Paragraph 37.

40. Harris County denies the allegations in Paragraph 38.

41. The allegations in Paragraph 39 require no responsive pleading.

42. Harris County denies the allegations in Paragraph 40.

43. Harris County denies the allegations in Paragraph 41.

44. Harris County denies the allegations in Paragraph 42.

45. Harris County denies the allegations in Paragraph 43.

46. The allegations in Paragraph 44 are argument and require no responsive pleading.

47. The allegations in Paragraph 45 are argument and require no responsive pleading.

48. Harris County denies the allegations in Paragraph 46.

49. The allegations in Paragraph 47 are argument and require no responsive pleading.

50. Harris County denies the allegations in Paragraph 48.

51. Harris County admits the allegations in Paragraph 49.

52. Harris County admits the allegations in Paragraph 50.

53. Harris County denies the allegations in Paragraph 51.

54. Harris County denies that Plaintiff is entitled to the damages she seeks.

55. Harris County admits the allegations in Paragraph 53.

56. Harris County denies the allegations in Paragraph 54.

57. Harris County denies the allegations in Paragraph 55.

58. Harris County denies the allegations in Paragraph 56.

59. Harris County denies that Plaintiff is entitled to the relief she seeks.

## REQUEST FOR JURY TRIAL

60. Harris County requests a trial by jury.

## REQUEST FOR ATTORNEYS' FEES

61. This case is frivolous, and was brought simply for purposes of harassment. Harris County requests that it be awarded its attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County respectfully requests that Plaintiff Jane Doe take nothing against it, that it be awarded its attorneys' fees and costs, and for such other and further relief to which it shall show itself entitled.

Respectfully submitted,

OF COUNSEL:

/s/ Mary E. Baker
MARY E. BAKER
Sr. Assistant County Attorney

VINCE RYAN
HARRIS COUNTY ATTORNEY

Federal I.D. No. 7647
State Bar No. 08534000
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: 713-755-7166
Facsimile: 713-755-8924
Mary.baker@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY, TEXAS

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2011, a true and correct copy of Defendant Harris County's Answer to Plaintiff's Third Amended Complaint was served by electronic notice and/or first class mail to:

Wayne Nicholas Krause
Abigail Frank
James C. Harrington
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, Texas 78741

                                         **/s/ Mary E. Baker**
                                         MARY E. BAKER
                                         Sr. Assistant County Attorney